JOBE RASBERRY v. THE STATE.

No. 13472. Delivered June 18, 1930.
Rehearing denied October 18, 1930.
Reported in 31 S. W. (2d) 439.

The opinion states the case.

*H. G. Howland* of Houston, for appellant.

*A. A. Dawson*, State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

Searching officers found in appellant's car two gallons of whisky. Appellant was driving his car on the Brownwood and Comanche road and his car was crowded off the road by the officers and stopped prior to the search. Appellant explained that he had been out in the country on business and was returning in his car, accom-

panied by a man by the name of Hicks; that they returned to town by a longer route. He explained this as follows:

"Hicks said he had never been that other way to come back to town, that he had some kin folks there, and asked me how much out of the way it was. I told him it wasn't much. I didn't know how much. No, we did not go on to see his kin folks. He just never had been in that part of the country and wanted to go that way. We went on the other road and then came back in to Comanche."

On this route Hicks came upon a man and said he wanted to see him. He got from this man a package and put it in appellant's car and covered it up. Appellant claims that he did not know that this was whisky. One of the officers testified:

"While I was talking to him I saw some liquor or something in the car. * * * I saw this liquor in the car between the seats, it being a touring car. When I saw this I investigated it and looked at it. I have got that liquor here. This is a gallon bottle."

It is claimed here that the search was illegal and the evidence of the officers inadmissible, but no bill of exception appears in the record and such question therefore cannot be reviewed.

We regard the evidence already briefly stated as sufficient to support the verdict of guilty. This being the only question properly before us, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Complaint is renewed in appellant's motion of the refusal on the part of the trial court to permit one Hicks to testify for appellant; also of the court's action in refusing to tell the jury in his charge not to consider the testimony of the officers as to what they found upon search of appellant's car. The record contains no bill of exception complaining of the court's action in either particular. This court can not pass on questions not properly brought before it for review.

The jury do not have to accept the testimony of the accused given on the trial; nor does the fact that they have rejected same as evidenced by their verdict, furnish any ground for reversal.

The legality vel non, of a search by officers of a car or other place or object, must be raised when the evidence is offered on the trial,

and the decision of the lower court regarding the proposition if adverse must be then objected to and complaint thereof preserved and here presented in some way according to rules of procedure well understood. Appellant complains here of matters of which apparently no proper complaint was made in the court below.

The motion for rehearing is overruled.

*Overruled.*